**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ENRIQUE ORTIZ
also known as Enrequie Ortiz,**

                              **Plaintiff,**

    vs.                                                   **9:15-cv-00291
                                                              (MAD/ATB)**

**ALBERT PRACK, Director of
Special Housing/Inmate Discipline,**

                              **Defendant.**
_____

**APPEARANCES:**                              **OF COUNSEL:**

**ENRIQUE ORTIZ**
94-A-2838
Fishkill Correctional Facility
P.O. Box 1245
Beacon, New York 12508
Plaintiff, *pro se*

**OFFICE OF THE NEW YORK**          **MARK G. MITCHELL, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Plaintiff *pro se* Enrique Ortiz (hereinafter "Plaintiff"), an inmate currently in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging violation of his due process rights with respect to a disciplinary hearing and subsequent appeal. Plaintiff's complaint is against the Director of Special Housing and Inmate Disciplinary Program, Defendant Albert Prack. Defense

counsel filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56. Magistrate Judge Baxter issued a Report-Recommendation on September 22, 2016, recommending that the Court grant Defendant's motion for summary judgment.

Currently before the Court are Plaintiff's objections to Magistrate Judge Baxter's Report-Recommendation, and Plaintiff's appeal from Magistrate Judge Baxter's denial of his motion to compel discovery.

## II. BACKGROUND

Plaintiff, an inmate at Coxsackie Correctional Facility ("Coxsackie C.F."), filed this action after being housed in the Special Housing Unit ("SHU") as the result of a disciplinary hearing disposition in August 2011. *See* Dkt. No. 1 at 5-6. Plaintiff became the subject of a disciplinary hearing after receiving a letter in the mail that said "Thank you for the cigarettes, Russ," accompanied by a money order in the amount of seventy dollars. Dkt. Nos. 27-4, 27-5. The return address was listed as "J.T. Russell," another inmate at Coxsackie C.F. at the time. Dkt. No. 27-5. Plaintiff was questioned by Sergeant Yung regarding the letter, because the correspondence presented a potential violation of certain inmate rules. Dkt. No. 27-6 at 1.

According to Plaintiff, Sergeant Yung asked Plaintiff if he knew an inmate named "Jeffery T. Russell," to which Plaintiff responded that he was not familiar with that name, but perhaps knew the inmate by another name. Dkt. No. 1 at 5. Sergeant Yung then showed Plaintiff the letter and money order addressed to Plaintiff. *Id.* Plaintiff then proceeded to tell Sergeant Yung that Plaintiff purchased nine packages of cigarettes from the commissary store. *Id.* Following this meeting, Plaintiff was placed in "keeplock."[1] *Id.* The next day, August 25, 2011, Plaintiff

---

[1] "During keep lock a prisoner is 'confined to his own cell and is deprived of almost all contact with the rest of the prison population and participation in the normal routine of the
(continued...)

2

was issued a misbehavior report charging him with unauthorized exchange, smuggling, and facility correspondence. Dkt. No. 27-6 at 1. As part of the disciplinary process, Plaintiff was given an assistant to help him with the upcoming hearing. Dkt. No. 27-3 at 31. Plaintiff's assistant for the disciplinary process met with Plaintiff later that day, whereby Plaintiff requested "all of the documentary evidence that was generated with the misbehavior report," to prepare for the hearing. Dkt. No. 1 at 6. Plaintiff states in his complaint that the disciplinary assistant responded that "all of the documentary evidence would be given to plaintiff at the hearing and not one day before." *Id.* Prior to the hearing, Plaintiff requested two witnesses, inmate Russell, and inmate Russell's father, Franklin Russell. Dkt. No. 27-3 at 19. Plaintiff wanted to call Franklin Russell to testify in order to show that Franklin Russell, not inmate Jeffrey Russell, sent the money order. *See* Dkt. No. 27-2 at 24. Although inmate Russell provided testimony at the disciplinary hearing, Plaintiff's request for Franklin Russell was denied. *Id.* at 27. Officer Gutwein denied this request because "J.T. Russell" was listed as the return address, not Franklin Russell. *See* Dkt. No. 27-3 at 27.

Hearing Officer Eric Gutwein (hereinafter "HO Gutwein") conducted the hearing, which took place from August 29 to September 8, 2011. *Id.* at 19. HO Gutwein found Plaintiff guilty of all three violations and imposed a penalty taking away commissary, phone, and package privileges. Dkt. No. 27-6 at 1. The money order was confiscated, and six months of recorded good time was taken away from Plaintiff. *Id.* In addition to these penalties, Plaintiff was sentenced to confinement in the SHU for six months. *Id.*

---

[1](...continued)
institution . . ." *Williams v. Smith*, 781 F.2d 319, 321 (2d Cir. 1986) (quoting *McKinnon v. Patterson*, 568 F.2d 930, 936 (2d Cir. 1977)).

Defendant Prack reviewed the disciplinary hearing on November 16, 2011, and reduced Plaintiff's penalty from six to four months of confinement in the SHU, finding that "THE NATURE OF THE OFFENSE, HOWEVER SERIOUS, DOES NOT WARRANT THE PENALTY IMPOSED." Dkt. No. 27-3 at 4-5.

On March 9, 2012, Plaintiff filed suit in the Albany County Supreme Court seeking review of his disciplinary hearing pursuant to Article 78 of the New York Civil Practice Law and Rules. Dkt. No. 27-8 at 2; Dkt. No. 27-9 at 12. Plaintiff sought to reverse and vacate the final disciplinary determination of November 16, 2011.[2] Dkt. No. 27-9 at 12. In the Article 78 proceeding, Defendant Prack was not listed as a defendant. *See* Dkt. No 27-8 at 1. Plaintiff's hearing was reversed and expunged on May 23, 2012, for failure to maintain a complete electronic recording of the hearing. *Id.* at 6. Thereafter, on July 30, 2012 the Albany County Supreme Court issued a decision dismissing Plaintiff's petition as moot, stating that Plaintiff "received all of the relief to which he is entitled." *Id.* at 3 (quoting *Matter of Scott v. Prack*, 97 A.D.3d 861, 861 (N.Y. App. Div. 2012)).

Plaintiff subsequently brought this federal action pursuant to 42 U.S.C. § 1983 alleging violations of his due process rights with respect to the disciplinary hearing and subsequent appeal. *See* Dkt. No. 1 at 6-7. Plaintiff asserts that Defendant Prack was "wholly aware" that the electronic recording was incomplete when Defendant Prack modified Plaintiff's penalties on November 16, 2011. Dkt. No. 1 at 7. As such, Plaintiff contends that the reversal and expungement on May 23, 2012 should have occurred when Defendant Prack first reviewed the disciplinary hearing and issued the November 16, 2011 decision. *See id.* Plaintiff argues that

---

[2] Although Plaintiff refers to November 26, 2011 in the conclusion to his petition to the Albany County Supreme Court, it is clear from the rest of Plaintiff's petition and the documents submitted that the date of the final decision was November 16, 2011.

Defendant Prack's "fail[ure] to remedy the situation" during the initial review "thereby caus[ed] [P]laintiff to be confined and without privileges for another 125 days."[3] *Id.*

**A.     Plaintiff's Motion to Compel Discovery**

In the Mandatory Pretrial Discovery and Scheduling Order ("Scheduling Order"), Magistrate Judge Baxter established a discovery deadline of March 19, 2016. Dkt. No. 16 at 5. The Scheduling Order articulated that the discovery deadline serves as the "latest date upon which discovery responses may be due," and that any written requests must be "served sufficiently in advance of [March 19, 2016] to ensure compliance with this requirement." *Id.* at n.5 (citing Local Rules N.D.N.Y. 16.2).

On November 6, 2015, Plaintiff wrote to Magistrate Judge Baxter requesting leave to serve interrogatories in lieu of a deposition. Dkt. No. 18 at 1. On November 25, 2015, Magistrate Judge Baxter responded by text order informing Plaintiff that he did not need permission of the court to serve interrogatories and reminded Plaintiff of the March 19, 2016 deadline. Dkt. No. 21. This text order again advised Plaintiff that he "must serve discovery requests on defendant sufficiently in advance of the discovery completion date (set for March 19, 2016) so as to afford

---

[3] Plaintiff's calculation of 125 days is inconsistent with his confinement in the SHU at Coxsackie C.F. As Magistrate Judge Baxter points out in his Report-Recommendation,

> [P]laintiff was confined either in keeplock or SHU beginning on August 24, 2011. Plaintiff's SHU sanction was initially six months, and on November 16, 2011, [D]efendant Prack reduced the SHU penalty to four months, which would have ended in December of 2011. When [D]efendant Prack reduced the penalty to four months, [P]laintiff had already served three months, leaving only an 'extra' thirty days for him to serve as the result of [D]efendant Prack's allegedly improper affirmance.

Dkt. No. 37 at 12 n.7. Nevertheless, it appears that Plaintiff served the full four months, and the Court will assume for purposes of this decision that Plaintiff's confinement created a liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).

defendant at least thirty days to respond." *Id.* Nearly three months later, on February 23, 2016, Plaintiff served interrogatories on Defendant Prack. Dkt. No. 23 at 4. In response, Defendant Prack objected to the interrogatory demands as untimely because they were not served thirty days prior to the discovery deadline. *Id.* at 17-18. Plaintiff filed a motion to compel responses to interrogatories and document demands directed to Defendant Prack. *Id.* at 3. Magistrate Judge Baxter denied Plaintiff's motion on the grounds of untimeliness, further noting that "[P]laintiff has received the discovery he reasonably requires to prosecute his action." Dkt. No. 24 at 3. Plaintiff wrote this Court seeking "an order granting reconsideration and objection to Magistrate Judge Baxter's denial of" Plaintiff's motion to compel. Dkt. No. 25 at 1.

**B.      Magistrate Judge Baxter's September 22, 2016 Report-Recommendation**

In his motion for summary judgment, Defendant Prack presented the following arguments: (i) Defendant Prack lacked the requisite personal involvement to sustain a claim; (ii) the failure to maintain an electronic record of the hearings did not violate Plaintiff's constitutional rights and the disciplinary findings are supported by "some evidence;" (iii) the failure to have Franklin Russell testify did not violate Plaintiff's due process rights; (iv) Defendant Prack is entitled to qualified immunity; (v) Plaintiff was not deprived of a cognizable liberty interest; and (vi) Eleventh Amendment immunity precludes Plaintiff's claims for damages against Defendant Prack in his official capacity. Dkt. No. 27-12 at 2. In a September 22, 2016 Report-Recommendation, Magistrate Judge Baxter recommended that the Court grant Defendant's motion for summary judgment and dismiss Plaintiff's complaint. Magistrate Judge Baxter thoroughly addressed the issues of Defendant's personal involvement, and Plaintiff's alleged due process violations. Magistrate Judge Baxter concluded that, while Defendant may have been personally involved,

Plaintiff's due process rights were not violated with respect to the disciplinary hearing process. *See* Dkt. No. 37 at 10, 37.

**C.      Plaintiff's Objections**

Plaintiff timely filed objections to the Report-Recommendation on November 30, 2016, alleging that Defendant Prack waived the "some evidence" defense by failing to raise it in the Article 78 proceeding, and that the disciplinary hearing was constitutionally flawed for failing to meet the "some evidence" standard. *See* Dkt. No. 30 at 5, 10. While Plaintiff only raises two objections, these objections include multiple issues raised in the Report-Recommendation that the Court will address individually below.

*1.      Defendant Waived the "Some Evidence" Argument*

In his first objection to the Report-Recommendation, Plaintiff argues that Defendant Prack waived the "some evidence" defense. Dkt. No. 40 at 5. Plaintiff argues that his failure to specifically name Defendant Prack in the Article 78 proceeding is immaterial. *See id.* at 8-9. Plaintiff asserts that Defendant Prack was necessarily a party to the proceeding based on Defendant Prack's "involvement by extension in the administrative appeal process and the ultimate decision maker." *See id.* at 8. Plaintiff claims that Defendant Prack was a party to the proceeding as a "body or officer" or "other interested person[]," and, therefore, should have had notice of the claim. *Id.* at 9 (citing N.Y. C.P.L.R. § 7802(a), (d)). Plaintiff appears to be alleging that Defendant Prack should have known about the Article 78 proceeding and, therefore, should have had the incentive to defend himself on the merits of Plaintiff's allegations. *See id.* at 9. In failing to do so, Plaintiff claims that Defendant Prack waived his "some evidence" argument. *See id.* at 7-9.

*2.      The Hearing Disposition was Not Supported by "Some evidence"*

7

Plaintiff's second objection is that the disciplinary disposition was not supported by sufficient evidence, and that the hearing itself did not comply with Plaintiff's due process rights. Dkt. No. 40 at 10. Plaintiff claims that the administrative appeal was "constitutionally flawed" for failure to maintain a complete electronic record of the disciplinary hearing. *See id.* at 11. According to Plaintiff, "it is impossible to discern what objections were made" without a complete record of the hearing. *Id.* Furthermore, Plaintiff maintains that the evidence submitted in the hearing was insufficient to uphold the result of the hearing. *See id.* In addition, Plaintiff objects that his due process rights were violated during the hearing for the denial to call a material witness. *See id.* Plaintiff argues that Defendant Prack's failure to reverse the hearing in November 2011 violated his due process rights. *See id.* at 10-11. Plaintiff contends that Defendant Prack erred in the appeal process by making a decision on the merits of the hearing without a full electronic record.[4] *See id.* Plaintiff maintains that "one cannot declare with any certainty that there was 'sufficient evidence' to find [Plaintiff] guilty of the charges" without the entire record. *Id.* at 12. Plaintiff appears to be objecting to the sufficiency of evidence at the disciplinary hearing, as well as sufficiency of evidence to support Defendant Prack's affirmation of the hearing on appeal. *See id.* at 10, 12-13.

### III. DISCUSSION

**A.    Standard of Review**

---

[4] Plaintiff assumes that Defendant Prack "knew" that the electronic recording was not maintained when he modified the disciplinary hearing in November 2011. However, as Magistrate Judge Baxter points out, "it is very possible that the electronic recording of the hearing was available in 2011, but was not maintained, was damaged, or was lost by the time that [P]laintiff filed his Article 78 proceeding in March of 2012 . . . ." Dkt. No. 37 at 19 n.14. Nevertheless, Plaintiff maintains in his objection to the Report-Recommendation that this belief was not an "assumption." Dkt. No. 40 at 10-11.

When a party files specific objections to a magistrate judge's report and recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact, and the facts as to which there is no such dispute warrant judgment for the movant as a matter of law. *See* Fed. R. Civ. P. 56(a); *see also Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Chambers*, 43 F.3d at 36-37 (quotation and other citation omitted). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Moreover, it is well-settled that a party opposing a motion for summary judgment must do more than simply "rest upon the mere allegations or denials of his pleading" or "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.11 (1986). "Conclusory allegations, conjecture and

9

speculation . . . are insufficient to create a genuine issue of fact." *Kerzer v. Kingly Mfg.*, 156 F.3d 369, 400 (2d Cir. 1998). Instead, a party opposing summary judgment is required to submit admissible evidence showing that there is a genuine factual dispute. *See Spiegel v. Schulmann*, 604 F.3d 72, 81 (2d Cir. 2010); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Liberty Lobby, Inc.*, 477 U.S. at 255) (other citations omitted). Where the non-movant fails either to respond to the motion or otherwise dispute the movant's statement of material facts, the court may not rely solely on the moving party's statement of material facts pursuant to N.D.N.Y. Local Rule 7.1(a)(3); rather, the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that factual assertions contained in a statement of facts that are otherwise unsupported by record citations are insufficient to meet a movant's burden on summary judgment).

Further, "in a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *See Campbell*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). However, this does not mean that a *pro se* litigant is excused from following the procedural requirements of summary judgment. *See Campbell*, 289 F. Supp. 2d at

10

295 (citing *Showers v. Eastmond*, No. 00 CIV. 3725(SAS), 2001 WL 527484, *2 (S.D.N.Y. May 16, 2001)). Specifically, "a *pro se* party's bald assertions, unsupported by evidence, are insufficient to overcome a motion for summary judgment." *Showers*, 2001 WL 527484, at *2 (citing *Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

**B.     Personal Involvement**

"'[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quotation and other citations omitted). "'[W]hen monetary damages are sought under § 1983, the general doctrine of *respondeat superior* does not suffice and a showing of some personal responsibility of the defendant is required.'" *Id.* (quoting *Johnson v. Glick*, 481 F.2d 1028, 1034 (2d Cir.)). There is a sufficient showing of personal involvement of a defendant if (1) the defendant directly participated in the alleged constitutional deprivation; (2) the defendant is a supervisory official who failed to correct the wrong after learning about it through a report or appeal; (3) the defendant is a supervisory official who created a policy or custom under which the constitutional deprivation occurred, or allowed such a policy or custom to continue; or (4) the defendant is a supervisory official that was grossly negligent in managing subordinates who caused the constitutional deprivation. *See id.* (quoting *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986)).

While courts within the Second Circuit are split as to whether affirmation of a disciplinary determination is sufficient to establish a supervisor's personal involvement, *see Burton v. Lynch*, 664 F. Supp. 2d 349, 360 (S.D.N.Y. 2009) (collecting cases), Defendant Prack's actions reveal a more proactive role in the appeal process than mere rubber-stamping. *See Hamilton v. Smith*, No. 06-CV-805, 2009 WL 3199531, *22 (N.D.N.Y. Jan. 13, 2009) ("[W]here a supervisory official

11

receives, reviews, and responds to a prisoner's complaint, personal involvement may be found") (citing *Boddie v. Morgenthau*, 342 F. Supp. 2d 193, 203 (S.D.N.Y. 2004)) (other citations omitted). Defendant Prack reviewed and affirmed Plaintiff's disciplinary hearing, while reducing Plaintiff's SHU confinement from six to four months. Dkt. No. 27-3 at 4-5. In his decision, Defendant Prack stated that, while Plaintiff's offense may have been serious, it was not enough to justify the six-month penalty imposed by HO Gutwein. *See id.* at 5. By modifying the imposed penalties, Defendant Prack was not a passive participant; rather, he was personally involved with Plaintiff's disciplinary action. *See Hamilton*, 2009 WL 3199531, at *22.

Based on the foregoing, the Court finds that Magistrate Judge Baxter correctly determined that Plaintiff has sufficiently alleged Defendant Prack's personal involvement.

**C. Objections to the Report-Recommendation**

Plaintiff's first objection, that Defendant Prack waived his "some evidence" argument, presents a general recitation of the arguments made in opposition to summary judgment. *See* Dkt. No. 33 at 11-12; Dkt. No. 40 at 5-9. Similarly, Plaintiff's second objection, that the "some evidence" standard was not met in this case, restates Plaintiff's argument raised in opposition to summary judgment. *See* Dkt. No. 33 at 9-10; Dkt. No. 40 at 10-11.

*1. Waiver*

"An issue is not considered waived [] if a party did not, at the time of the purported waiver, have both an opportunity and an incentive to raise it before the [] court or on appeal." *United States v. Quintieri*, 306 F.3d 1217, 1229 (2d Cir. 2002).

Plaintiff asserts that Defendant Prack waived the "some evidence" argument by not addressing the issue in the Article 78 proceeding, thereby failing to preserve the defense in this proceeding. Dkt. No. 33 at 12; Dkt. No. 40 at 5. First, the Court notes that Defendant Prack was

12

not named in the proceeding; rather, the suit was filed against Brian Fischer, Commissioner of DOCCS. Dkt. No. 27-8 at 1. Plaintiff maintains that Defendant Prack's "involvement by extension in the administrative appeal process and the ultimate decision maker . . . made him a party to the proceeding" and, therefore, he should have had the incentive to raise any applicable defenses. Dkt. No. 33 at 12. However, Defendant Prack did not have the opportunity or incentive to raise the issue during the Article 78 proceeding because the case was dismissed as moot in the early stages of the proceeding. *See* Dkt. No. 27-8 at 2; *see also Quintieri*, 306 F.3d at 1229. Moreover, the hearing and punishment at issue in the state proceeding was administratively reversed, and consequently, Plaintiff was already granted all of the relief to which he was entitled. *See* Dkt. No. 27-8 at 2-3; Dkt. No. 27-9 at 12; *see also Horne v. Coughlin*, 949 F. Supp. 112, 114 (N.D.N.Y. 1996). Magistrate Judge Baxter correctly found that Defendant Prack did not fail to preserve, nor did he waive this defense.

Similarly, the Court agrees with Magistrate Judge Baxter that Defendant Prack is not precluded from raising the "some evidence" defense under the concept of res judicata. *See* Dkt. No. 37 at 15-17. The Article 78 proceeding was dismissed as moot. Therefore, the dismissal was not a judgment on the merits and, as such, res judicata does not apply. *See Monahan v. New York City Dep't of Corrections*, 214 F.3d 275, 284 (2d Cir. 2000) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).

### 2. *"Some Evidence"*

The due process protections afforded a prison inmate do not equate to "'the full panoply of rights' due to a defendant in a criminal prosecution." *Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004) (quotation omitted). "Nevertheless, an inmate is entitled to advance written notice of the charges against him; a hearing affording him a reasonable opportunity to call witnesses and

present documentary evidence; a fair and impartial hearing officer; and a written statement of the disposition, including the evidence relied upon and the reasons for the disciplinary actions taken." *Id.* (citing *Wolff v. McDonnell*, 418 U.S. 556, 563-67 (1974)). "Since *Wolff*, the Supreme Court has clarified that judicial review of the written findings required by due process is limited to determining whether the disposition is supported by 'some evidence.'" *Id.* (quoting *Superintendent v. Hill*, 472 U.S. 445, 455 (1985)). "This standard is extremely tolerant and is satisfied if 'there is any evidence in the record that supports' the disciplinary ruling." *Id.* (quoting *Friedl v. City of New York*, 210 F.3d 79, 85 (2d Cir. 2000)). Nevertheless, as the Second Circuit has explained, "the 'some evidence' standard requires some 'reliable evidence.'" *Id.* (quotation and other citation omitted).

In the present matter, Defendant Prack correctly asserts that the hearing, along with his review and affirmation of Plaintiff's disciplinary disposition, was supported by "some evidence." In reaching his conclusion following the disciplinary hearing, HO Gutwein stated that he relied on the misbehavior report of Sergeant Yung, a money order and letter addressed to Plaintiff, along with the testimony of Plaintiff, Sergeant Yung, and inmate Russell, who testified that his father sent the money order to Plaintiff for him. Dkt. No. 27-3 at 18. Defendant Prack reviewed the hearing record in modifying the penalties. *See id.* at 4-5. As such, the evidence relied on by Defendant Prack meets the "some evidence" standard required in the prison disciplinary setting. *See Sira v. Morton*, 380 F.3d 57, 76 (2d Cir. 2004); *see also Moore v. Griffin*, No. 9:13-CV-00616, 2015 U.S. Dist. LEXIS 122004, *30-32 (N.D.N.Y. Aug. 4, 2015) (holding that a disciplinary determination based on a misbehavior report, letter to another inmate, and testimony from the officer who wrote the misbehavior report, was supported by "some evidence").

Plaintiff states that "[w]ithout the entire record of [Plaintiff's] disciplinary proceeding, it is impossible to determine whether or not there was 'some evidence' to sustain the original charges." Dkt. No. 40 at 11. This assertion is incorrect. Judicial review of a disciplinary hearing "'does not require examination of the entire record . . . Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.'" *Sira*, 380 F.3d at 76 (quoting *Superintendent v. Hill*, 472 U.S. at 455-56). Here, the misbehavior report, among other evidence, supports the conclusion reached by HO Gutwein. As such, the disposition of the disciplinary hearing and subsequent review by Defendant Prack meets the "some evidence" requirement. Moreover, the totality of the circumstances, including the testimony of Sergeant Yung, corroborated by the testimony of inmate Russell, reasonably meets the reliable evidence standard. *See Sira*, 380 F.3d at 82 ("[R]eliability of evidence is always properly assessed by reference to the totality of the circumstances"); *see also Hinton v. Prack*, No. 9:12-CV-1844, 2014 WL 4627120, *9 (N.D.N.Y. Sept. 11, 2014) (holding that testimony provided by the officer who issued the misbehavior report, along with the corroborating statements from unidentified witnesses, met the some reliable evidence standard).

Further, contrary to Plaintiff's assertions, although New York regulations require the electronic recording of disciplinary hearings, these requirements do not create federal constitutional protection. *See, e.g., Ramsey v. Goord*, 661 F. Supp. 2d 370, 393 (W.D.N.Y. 2009). Rather, the failure to maintain the electronic recording resulted in a simple violation of state procedural requirements, not a deprivation of any due process right. *See Vogelfang v. Capra*, 889 F. Supp. 2d 489, 502-03 (S.D.N.Y. 2012) (citing cases).

Having carefully reviewed the parties' submissions, the record, and applicable law, the Court finds that the challenged disciplinary hearing dispositions were supported by some reliable

15

evidence. As such, the Court agrees with Magistrate Judge Baxter's recommendation to grant Defendant's motion for summary judgment as to this claim.

### 3. *Denial of Witness*

A prisoner's right to call witnesses at a disciplinary hearing may be denied "on the basis of irrelevance or lack of necessity." *Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 (2d Cir. 1991) (citations omitted). Additionally, while the Supreme Court does "not prescribe it, it would be useful for the [disciplinary] Committee to state its reason for refusing to call a witness, whether it be for irrelevance, lack of necessity, or the hazards presented in individual cases." *Wolff*, 418 U.S. at 566.

In the present matter, HO Gutwein denied Plaintiff's request to call Franklin Russell as a witness because it was not the name listed in the return address for the money order. *See* Dkt. No. 27-3 at 27. In his objection to the Report-Recommendation, Plaintiff stated that "if we are to believe . . . that inmate Russell testified truthfully that his father sent the letter and money for him, then Mr. Russell was a material witness." Dkt. No. 40 at 13. Plaintiff's speculative assertion is insufficient. The evidence showed that Plaintiff admitted purchasing cigarettes for inmate Russell and, although inmate Russell testified that his father sent the money order, it was unclear from the envelope who actually "sent" the letter, and it appeared that it was sent from inmate Russell. Franklin Russell's name did not appear on the envelope, and HO Gutwein had admissions from both inmates. Therefore, it was within the hearing officer's discretion to deny Plaintiff's request to call Franklin Russell as a witness. *See Wolff*, 418 U.S. at 566 (finding that a witness may be denied as unnecessary or irrelevant). As such, Magistrate Judge Baxter correctly found that calling Franklin Russell as a witness would have been unnecessary and, therefore, Plaintiff's due process rights were not violated as a result of the denial. *See Feliciano v. Selsky*, 205 F.3d 568,

570 (2d Cir. 2000) ("[P]rison hearing officers have the discretion to keep disciplinary hearings within reasonable limits and . . . this discretion includes the power to refuse to call witnesses whose testimony may reasonably be regarded as non-probative or duplicative").

Based on the foregoing, Magistrate Judge Baxter properly determined that no reasonable fact-finder could conclude that Plaintiff was denied due process during his disciplinary hearing through the denial to call Franklin Russell as a witness.

## C.     Plaintiff's Appeal from Order Denying Motion to Compel

On April 14, 2016, the Court received a letter from Plaintiff appealing Magistrate Judge Baxter's denial of Plaintiff's motion to compel certain discovery. Dkt. No. 25 at 1.

The district court reviews non-dispositive orders issued by a magistrate judge under the "clearly erroneous" standard. *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)). "Pretrial matters involving discovery are generally considered non-dispositive since they do not resolve the substantive claims for relief alleged in the pleadings." *Sadowski v. Technical Career Insts.*, No. 93-CV-0455, 1994 WL 603201, *13 (S.D.N.Y. Nov. 2, 1994) (citing *Thomas E. Hoar, Inc.*, 900 F.2d 522, 525 (2d Cir. 1990)). In general, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). As such, the court will review Magistrate Judge Baxter's order denying Plaintiff's motion to compel discovery for clear error.

Pursuant to the Federal Rules of Civil Procedure, a party has thirty days to respond to a demand for interrogatories. Fed. R. Civ. P. 33(b)(2). In the present matter, Plaintiff advised the

17

Court that he received the Scheduling Order and "underst[ood] the deadline dates and what is required" of him. Dkt. No. 18 at 1. Moreover, Magistrate Judge Baxter advised Plaintiff by text order that he "must serve discovery requests on defendant sufficiently in advance of the discovery completion date (set for March 19, 2016)."[5] Dkt. No. 21. Despite this, Plaintiff failed to serve his request for interrogatories at least thirty days before the discovery deadline. Dkt. No. 23 at 10. Accordingly, Plaintiff's demands were not timely served because they did not allow sufficient time for a response in advance of the discovery deadline. Fed. R. Civ. P. 33(b)(2); *see also Pacheco v. Deacevedo*, No. 9:05-CV-0998, 2007 U.S. Dist. LEXIS 26140, *4 (N.D.N.Y. Apr. 9, 2007) (holding that the *pro se* plaintiff's service of interrogatory demands twenty-four to twenty-six days before the discovery deadline were not timely served). Moreover, Magistrate Judge Baxter correctly determined that most of Plaintiff's demands were objectionable and that Plaintiff had already been provided with the discovery necessary to prosecute his case.

Having carefully reviewed Magistrate Judge Baxter's Order, the record, and applicable law, the Court finds that Magistrate Judge Baxter correctly denied Plaintiff's motion to compel discovery.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, Magistrate Judge Baxter's September 22, 2016 Report-Recommendation, Magistrate Judge Baxter's April 5, 2016 Order, the applicable law, and for the above-stated reasons, the Court hereby

---

[5] This text order was issued on November 25, 2015, and served on Plaintiff by regular mail along with a *pro se* handbook and the Local Rules. Dkt. No. 21.

**ORDERS** that Magistrate Judge Baxter's September 22, 2016 Report- Recommendation is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that Defendant's motion for summary judgment (Dkt. No. 27) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's appeal of Magistrate Judge Baxter's April 5, 2016 Decision and Order (Dkt. No. 25) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 20, 2017
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge